IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

|  |  |  |
|---|---|---|
| Bobbie M. Sedberry and John C. Sedberry, | ) ) ) |  |
| Plaintiffs, | ) ) | CIVIL ACTION FILE NO. 0:09-CV-0053-CMC |
| v. | ) ) |  |
| DonB Aircraft International, Inc. and Donald R. Bennett, | ) ) ) | **DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EXPERT TESTIMONY FROM MICHAEL STEVENSON REGARDING OPINIONS OF RICK MOFFITT** |
| Defendants. | ) ) |  |

Pursuant to Rules 702, 703, 801, and 802 of the Federal Rules of Evidence, Defendants DonB Aircraft International, Inc. ("DonB") and Donald R. Bennett ("Bennett") (collectively referenced as "Defendants") move to exclude certain expert opinion testimony from Michael Stevenson ("Stevenson"), regarding conversations that Stevenson had with Rick Moffitt, a former employee of Lycoming. On May 8, 2009, Plaintiffs identified Stevenson as a potential expert, in accordance with the Court's Scheduling Order. Stevenson is expected to testify regarding a metallurgical evaluation he performed on engine component parts, in an effort to investigate the cause of the engine failure at issue in this case. Plaintiffs have not identified Moffitt as an expert witness in this case.

This case involves claims for personal injuries and property loss, related to an aircraft engine failure that occurred in Lancaster County, South Carolina, on May 2, 2008. Prior to the failure, DonB contracted with Plaintiff John C. Sedberry to perform repairs on John Sedberry's Glassair III aircraft (the Aircraft), following a propeller strike incident in Rockingham, North Carolina. Bennett is an Airframe & Powerplant Mechanic employed by DonB, who also serves as President of DonB.

Defendants move to exclude Stevenson's testimony, to the extent it relies on any information provided by Rick Moffitt, a former engineer with Lycoming. Any testimony of Stevenson as to Moffitt's opinions constitutes inadmissible hearsay, barred by Fed. R. Evid. 802. Presumably, Plaintiffs seek to have Stevenson testify regarding Moffitt's opinions because Lycoming manufactures certified engines which can be used in Glassair III aircraft, similar to the Aircraft. In this case, the Lycoming engine underwent a Lycon overhaul by Myron Jenkins; therefore, the Aircraft's engine was not a Lycoming engine at the time of the engine's failure.

At his deposition on October 2, 2009, Stevenson testified that he spoke with Rick Moffitt via telephone on October 1, 2009, to determine the impact that modifications to engine horsepower and compression would have upon the clamping force necessary to maintain the crankshaft-gear intersection which is at issue in this case. (Deposition of Michael Stevenson, hereinafter "Stevenson Deposition," p. 91, l. 6 – p. 92, l. 11.) In repeating the information provided to him by Mr. Moffitt and in evaluating the impact of horsepower modifications upon required clamping force, Stevenson stated that "that's outside of my area, so I really can't offer an opinion on it. My understanding is that it wouldn't necessarily, that it's not about horsepower alone." (Stevenson Deposition, p. 91, ll. 12-15.)

Later in his deposition, Stevenson testified that he spoke with Rick Moffitt for "less than 15 minutes." (Stevenson Deposition, p. 133, ll. 5-7.) When questioned about his conversation with Moffitt, Stevenson said Moffitt stated that larger bolts required for higher horsepower engines were not necessarily related to the higher horsepower output of the engines. (Stevenson Deposition, p. 133, l. 8 – p. 134, l. 23.) Stevenson further separated himself from Moffitt's opinions by stating "that's not an opinion I intend to offer up." (Stevenson Deposition, p. 134, ll.13-14.) From the deposition, it appears that Stevenson did not discuss with Moffitt the testing that Lycoming performed to determine the size of bolt required for specific Lycoming engines. (Stevenson Deposition, p. 134, l. 24 – p. 135, l. 2.)

2

Stevenson has testified that he has never repaired or maintained an aircraft engine, and there is no evidence that he has ever designed an aircraft engine. (Stevenson Deposition, p. 140, l. 19 – p. 141, l. 11.)

Defendants also move to exclude Stevenson's testimony regarding the Moffitt conversation, because his opinions are not based on sufficient facts or data, in that the engine at issue in this case is not a Lycoming engine.

In support of this Motion, Defendants submit their Brief in Support of Defendants' Motion *In Limine* to Exclude Expert Testimony of Michael Stevenson Regarding Opinions of Rick Moffitt, as well as deposition transcripts and exhibits submitted simultaneously herewith.

## CERTIFICATION

The undersigned hereby certifies that he conferred with opposing counsel in good faith, via email and telephone communication, in an effort to resolve this matter without motion. The parties were unable to reach agreement on the matters discussed herein.

Respectfully Submitted,

February 22, 2010         By:   */s/ C. Daniel Atkinson*
                                Michael B.T. Wilkes, Fed. ID # 4658
                                mwilkes@wilkesbowers.com
                                C. Daniel Atkinson, Fed. ID # 9626
                                datkinson@wilkesbowers.com

                                WILKES BOWERS, P.A.
                                127 Dunbar Street, Suite 200
                                Spartanburg, South Carolina  29306
                                Telephone: 864-591-2355
                                Facsimile: 864-591-1767

                                Attorneys for Defendants