IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Bobbie M. Sedberry and John C. Sedberry, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DonB Aircraft International, Inc. and ) <br> Donald R. Bennett, ) <br> ) <br> Defendants. ) <br> _____ ) | CIVIL ACTION FILE <br> NO. 0:09-CV-0053-CMC <br> <br> **DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' MOTIONS IN LIMINE** |

Defendants DonB Aircraft International, Inc. ("DonB") and Donald R. Bennett ("Bennett") (collectively referenced as "Defendants") submit the following Brief in Opposition to Plaintiffs' Motions in Limine, which were electronically filed on February 22, 2010. In the Motion, Plaintiffs seek to exclude testimony from Defendants' experts regarding FAA investigations, and Plaintiffs further seek to exclude testimony regarding the horsepower capacity of Lycon-converted engines, which is based on Donald Bennett's telephone conversations with Lycon employees.

**BACKGROUND**

This case involves claims related to the May 8, 2008, engine failure and water landing of a Glassair III (the "Aircraft"), in which Plaintiffs flew as pilot and passenger. Plaintiffs claim that the engine failure was a result of improper repair work performed by DonB Aircraft International, Inc. and Donald Bennett. Defendants believe that they performed proper repairs to the Aircraft, and that the engine failure was caused by the harsher operating conditions caused by the conversion of the Aircraft's engine from a Lycoming certified engine to a Lycon

experimental engine, which operated at a higher horsepower and compression that do Lycoming engines.

As discussed in previous pleadings, all parties agree that the subject engine failure occurred because the crankshaft-gear assembly de-coupled. Both sides have proffered expert testimony regarding the cause of the failure in this case. Defendants have identified Charles Manning and Dwight Law as experts to testify regarding engine failure. Manning is a metallurgist, and he will testify regarding the mechanism of engine failure. Law will analyze Defendants' repair procedures.

In a report submitted pursuant to the Court's Scheduling Order, Defendants' Mechanical Expert, Dwight Law, stated that he believes that Defendants complied with the applicable standard of care repairs to the Aircraft, and Law then cited various instances of Defendants' compliance with the applicable Federal Aviation Regulations. (A copy of Law's Report, dated July 8, 2009, is attached hereto.) In support of his finding that Defendants complied with the applicable Federal Aviation Regulations, Law noted that a Federal Aviation Administration investigation found that Donald Bennett, acting in his capacity as an Airframe and Powerplant Mechanic, did not violate any Federal Aviation Regulations. (Law Report, p. 3.) Plaintiffs object to Law's reference to the FAA investigation of Bennett and DonB.

Plaintiffs also object to admission of testimony regarding the horsepower capacity of the Aircraft after its engine underwent a Lycon conversion. Interestingly, John Sedberry conceded in deposition testimony that the Lycon conversion in increased performance capacity, due to the installation of ten-to-one pistons. (See Deposition of John Sedberry, attached hereto, p. 76.) Further, Plaintiffs proffered mechanical expert, Sammy Bereznak, has testified that the Aircraft's Lycon modification resulted in the Aircraft's engine producing significantly higher horsepower

2

than that for which the engine was originally certificated. (See Deposition of Sammy Bereznak, attached hereto, p. 139.) Plaintiffs' own expert believes the Lycon conversion significantly increased the Aircraft's horsepower output; so Plaintiffs' objection is apparently only with regard to the degree of the horsepower increase.

For the reasons stated below, Plaintiffs' Motions in Limine should be denied.

## LEGAL ANALYSIS/ARGUMENT

**1. Dwight Law Should Be Allowed to Testify that the FAA Inspected Defendants' Repairs to the Aircraft, Finding No Violations.**

Plaintiffs' Motion to Exclude information from the FAA investigation should be denied for two reasons: (1) the FAA investigation report is admissible as a government record, pursuant to Fed. R. Evid. 803(8); and (2) the report is admissible under Fed. R. Evid. 703, because the FAA investigation report is a document reasonably relied on by a mechanical expert in evaluating a mechanic's compliance with Federal Aviation Regulations.

**a. The governmental record hearsay exception, described in Fed. R. Evid. 803(8), applies to the FAA report; therefore, the report does not constitute inadmissible hearsay.**

Plaintiffs argue that the June 18, 2008, FAA report from Wayne Robinson constitutes hearsay, and that it should not be admitted through the expert testimony of Dwight Law. (A copy of Robinson's June 8, 2008 report is attached hereto.) Plaintiffs fail to recognize that the FAA report is admissible as a public record and/or report, which serves as an exception to the hearsay rule. Fed. R. Civ. P. 803(8). Under Rule 803(8), "[r]ecords, reports, statements or data compilations, in any form, setting forth . . . in civil actions . . ., factual findings resulting from an investigation made pursuant to authority granted by law" are excepted from the restrictions of Fed. R. Evid. 802, "unless the sources of information or other circumstances indicate lack of trustworthiness." Fed. R. Evid. 803(8).

3

Under 49 U.S.C. §336, the Secretary of Transportation is empowered to investigate violations of various regulations, including the Federal Aviation Regulations. The Secretary is also authorized to impose civil penalties for violations of the Federal Aviation Regulations. 49 U.S.C. §336. Under 49 U.S.C. §40113, the FAA Administrator may conduct investigations to insure compliance with the Federal Aviation Regulations. Further, the Administrator is allowed to delegate this obligation to any officer or employee of the FAA, pursuant to 49 U.S.C. §106(f)(2)(C). Accordingly, Wayne Robinson, as an employee of the FAA, performed an investigation authorized by law, which resulted in his June 18, 2008 Report. As a result, Robinson's June 18, 2008, report is admissible pursuant to Fed. R. Evid. 803(8).

The 1972 Advisory Committee Notes to Fed. R. Evid. 803(8) state that the public records exception to the hearsay rule is justified by the assumption that a public official will do his or her duty properly and by the unlikelihood that officials will remember details independently of the government records. *See* Fed. R. Evid. 803(8) Advisory Committee's Note, *citing Wong Wing Foo v. McGrath*, 196 F.2d 120 (9th Cir. 1952) (Advisory Committee Notes attached hereto). While Plaintiffs attack the credibility of FAA investigations, they offer no cases showing that FAA investigation reports or correspondence are not admissible under Fed. R. Evid. 803(8). Plaintiffs' comparison of the FAA records at issue in this case to NTSB records and reports is not appropriate, because NTSB accident reports are rendered inadmissible explicitly by statute. *See* 49 U.S.C. §1154(b) (barring admission of NTSB reports in actions for civil damages). There is no similar statutory provision for FAA reports, and 49 U.S.C. §1154(b) should not be expanded to govern FAA reports. When confronted with a question of statutory interpretation, [the court's] inquiry begins with an examination of the language used in the statute." *United States v. Grice*, 37 F. Supp. 2d 428, 431 (D.S.C. 1998), *citing Faircloth v. Lundy Packing Co.*,

91 F.3d 648, 653 (4th Cir. 1996). If a statute's "language is clear and unambiguous, [the court's] inquiry ends there as well." *Id.* Plaintiffs refer to a statute with a limited application to the NTSB, and they attempt to expand the statute's application to FAA reports. Such expansion is clearly beyond the plain language of 49 U.S.C. §1154(b).

Because the FAA report is admissible as an exception to the hearsay rule, it constitutes admissible evidence. Defendants' expert witnesses should be allowed to testify regarding the report as an admissible basis for their expert opinions.

> **b.     Assuming, *arguendo*, that the FAA report is not admissible as an exception to the hearsay rule, Defendants' experts should be allowed to testify about the FAA investigation, under Fed. R. Evid. 703.**

Fed. R. Evid. 703 governs the bases of opinion testimony by experts. It allows the admission of expert opinion testimony regarding non-admissible evidence, if that evidence is reasonably relied on by an expert in that field. FAA reports, regulations, and guidelines are appropriately relied upon by mechanics in evaluating repairs. The FAA provides guidelines for the operation of repair stations, and repair stations and mechanics are required to comply with those guidelines to maintain their certification.[1] Part of the standard of care for a repair station and/or an aircraft mechanic is compliance with the applicable Federal Aviation Regulations governing repair stations and mechanics. Further, a mechanic must rely on FAA reports and Airworthiness Directives in determining and performing proper maintenance for aircraft.[2] As a result, it is reasonable for a mechanic to rely on FAA investigations and reports in the performance of his duties.

---

[1] For a description of the regulations applicable to FAA certified repair stations, see 14 C.F.R. §145.1 *et seq.*

[2] The FAA addresses Airworthiness Directives in 14 C.F.R. §39.1 *et seq.* Each Airworthiness Directive is incorporated into the Code of Federal Regulations, even though the Directives are not printed in each addition. 14 C.F.R. §39.13

5

In evaluating Defendants' compliance with the applicable standard of care, Dwight Law evaluated Defendants' compliance with the Federal Aviation Regulations. This is the same evaluation that the FAA performed prior to issuance of June 18, 2008 Report.

For this very case, Plaintiffs have identified as potential trial exhibits an FAA Airworthiness Directive and an NTSB safety recommendation to the FAA to issue an Airworthiness Directive. (See Plaintiff's Proposed Exhibit 17 and Plaintiff's Proposed Exhibit 20, attached hereto.) Plaintiffs' identification of these documents demonstrates that Plaintiffs, and Plaintiffs' experts, believe that FAA investigations and reports are reliable. Because Plaintiffs have placed the Airworthiness Directives at issue, the FAA investigation of compliance with those directives is relevant to evaluation of Defendants' work.

Dwight Law performed his own independent evaluation of Bennett's compliance with the Federal Aviation Regulations, as part of his expert review for this case. Part of Law's investigation included a review of Bennett's career history of compliance with the Federal Aviation Regulations. Included in his observation of Bennett's history, Law reviewed the FAA investigation related to the Aircraft. Such document review was reasonable, and it was reasonable for Law to rely on the June 18, 2008, FAA report to support his conclusions. Accordingly, Law should be allowed to testify regarding the FAA report, pursuant to Fed. R. Civ. P. 703.

If the Court restricts Law from testifying regarding the FAA investigation, Defendants reserve the right to seek information regarding the investigation through the testimony of Wayne Robinson, the FAA official who performed the investigation. Mr. Robinson was identified through Defendants' Answers to Interrogatories, and Defendants also identified Mr. Robinson as

6

a potential witness in Defendants Fed. R. Civ. P. 26(a)(3) Disclosures, with no objection from Plaintiffs.

### 2. Information Related to the Horsepower Modifications Caused by the Lycon Conversion Should Be Admitted at Trial.

Plaintiffs object to the admission of evidence that Donald Bennett obtained in the course of performing his work for DonB with regard to the Aircraft, claiming that such information constitutes inadmissible hearsay. First, information regarding the increased horsepower is admissible through Donald Bennett, because it is not hearsay. Second, the information is admissible, pursuant to Fed. R. Evid. 703, because it constitutes information reasonably relied upon by mechanics and investigators in the performance of their duties.

As defined by Fed. R. Evid. 801, hearsay is an out-of-court statement offered to prove the truth of the matter asserted. Bennett's testimony regarding the horsepower modification is not hearsay, because, in Bennett's testimony, it is not offered to prove the truth of the matter asserted.

In his deposition, Donald Bennett testified that he obtained information regarding the Aircraft's increased horsepower resulting from the Lycon conversion by contacting Lycon directly. (Deposition of Donald Bennett, Part 1, hereinafter "Bennett Deposition," p.103-106.) Bennett made this contact upon the instruction of John Sedberry, and Bennett performed this research in an effort to obtain proper information on engine conditions to allow him to make repairs. *(See id.)* Bennett offers this information not prove the truth of the matter asserted; rather, he offers the information to demonstrate his knowledge basis for making recommendations to John Sedberry regarding engine repairs. Bennett offers the Lycon

information to show his notice of increased horsepower, and to support his suggestion to John Sedberry that the engine be returned to Lycoming certificated condition.[3]

Out-of-court statements only fall under the hearsay rule if those statements are offered to prove the truth of the matter asserted. Where statements are offered to prove a basis of knowledge or notice to a person, the statements are admissible. *See, e.g., Crockett v. Abraham*, 284 F.3d 131, 135 (D.C. Cir. 2002) (affirming admission of testimony regarding out-of-court statements by third parties, where the testimony was offered to support the witness' decision-making process); *see also United States v. Dowlin,* 408 F.3d 647, 660 (10th Cir. 2005) (holding that testimony of party's attorney regarding proceedings from another forum was admissible to demonstrate basis for party's belief that documents were valid).

Bennett relied upon information provided by Lycon in performing his repairs, and in making his repair suggestions to John Sedberry. It is reasonable for an A&P mechanic to rely on this type of information, provided by the manufacturer or builder of the engine, in performing repairs. For certified engines, a mechanic is required by the Federal Aviation Regulations to consult manufacturer's guidelines. *See, e.g.* 14 C.F.R. §43.2 (requiring overhaul in certified engines to be performed in compliance with manufacturer's specifications); *see also* 14 C.F.R. §43.13 (requiring use of processes in conformity with manufacturer's standards).   In this case which involves repair of an experimental engine without specific manufacturer's guidelines, John Sedberry instructed Bennett to consult the engine's builder with any questions regarding the modification. (Bennett Deposition, p. 103.)  The engine's builder then referred Bennett to

---

[3]   Bennett recommended to Sedberry that the Aircraft's engine be returned to certificated condition, to ensure safe operating conditions for the Aircraft. (Bennett Deposition, pp. 102-103.)

8

Lycon. (Bennett Deposition, p. 103.) Accordingly, the information is appropriately offered to demonstrate Bennett's knowledge and belief at the time he performed repairs upon the Aircraft.

Dwight Law is testifying in this case as an expert aircraft mechanic. As with Bennett, it is reasonable and customary for a mechanic to rely on manufacturer's information in performing repairs to an aircraft. Accordingly, it is reasonable for Law to rely on information provided by Lycon regarding the modified engine's horsepower capacity; therefore, Law should be allowed to testify regarding the Lycon horsepower information, pursuant to Fed. R. Evid. 703. Because Law is testifying regarding potential hearsay evidence of the type typically relied upon in his field, Law can present testimony regarding the horsepower capacity for the truth of the matter asserted.

If this case involved a certified engine, there would be specific materials to consult regarding horsepower modifications, but Plaintiffs' use of an experimental engine prevents Defendants from having access to such information. Accordingly, it was reasonable for Bennett to rely on information provided verbally by a Lycon official to determine the operating conditions of the Aircraft, and it is reasonable for Law to rely on the horsepower information in reaching conclusions regarding aircraft maintenance.

In his report, Dr. Charles Manning evaluated forces upon crankshaft-gear connections in various Lycoming engines. He evaluated the force that those engines applied to crankshaft bolts, and he evaluated the size of bolt that was necessary to react the forces applied by engines. (See Manning Report, attached hereto.) In evaluating the force applied to the crankshaft bolt, Manning used the best information he had regarding the force generated by the Lycon conversion, that information provided by Lycon. Such reliance was reasonable given the experimental nature of the engine and the absence of Lycon operating guidelines, because it was

9

information reasonably relied upon by mechanics servicing Lycon engines. Accordingly, Manning should also be allowed to testify regarding the horsepower generated by the engine after the Lycon conversion, pursuant to Fed. R. Evid. 703.

## CONCLUSION

Plaintiffs' Motion in Limine to exclude the June 18, 2008, FAA Report should be denied, because the report is not inadmissible hearsay, pursuant to Fed. R. Evid. 803(8). Further, even if the report is hearsay, it was a document reasonably relied upon by Dwight Law in reaching his conclusions regarding Defendants' compliance with the Federal Aviation Regulations.

Plaintiffs' Motion in Limine regarding Lycon horsepower data should be denied, because the data is not offered, with regard to the testimony of Donald Bennett, to prove the truth of the matter asserted. Additionally, given the experimental nature of the Aircraft and the limited information available regarding engine operating conditions, the Lycon data was reasonably relied upon by Law and Manning in reaching expert opinions. Accordingly, the information should be admitted through Law's and Manning's, pursuant to Fed. R. Evid. 703. Law and Manning can present the evidence for the truth of the matter asserted. Further, the testimony regarding horsepower appears reliable, because Plaintiffs' own mechanical expert concedes that the Lycon Conversion significantly increased the Aircraft's horsepower capacity.

Respectfully submitted,

March 11, 2010                By:   /s/ *C. Daniel Atkinson*
                                    Michael B.T. Wilkes, Fed. ID # 4658
                                    mwilkes@wilkesbowers.com
                                    C. Daniel Atkinson, Fed. ID # 9626
                                    datkinson@wilkesbowers.com

                                    WILKES BOWERS, P.A.
                                    127 Dunbar Street, Suite 200
                                    Spartanburg, South Carolina  29306
                                    Telephone: 864-591-2355

Facsimile: 864-591-1767

Attorneys for Defendants

11