UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

CIVIL ACTION NO: 0:09-CV-0053-CMC

| | |
|---|---|
| Bobbie M. Sedberry and John C. Sedberry, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>DonB Aircraft International, Inc. and )<br>Donald R. Bennett, )<br>)<br>Defendants. )<br>) | **PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTION IN *LIMINE*** |

The Plaintiffs respond briefly to Defendants' Brief in Opposition to our Motion in *Limine* regarding the FAA "Report" and the use of horsepower information obtained from an unknown source at Lycon.

**The FAA Memorandum**

The Defendants rely upon Rule 803(8) to support the use of a conclusion apparently reached by Wayne Robinson of the FAA. We address this by starting with the preface to Rule 803 itself, which provides, "The following are not excluded by the hearsay rule, even though the declarant is available as a witness." Even if Mr. Robinson were called as a witness, which is suggested as an alternative by the Defendants, he would not be allowed to testify about any opinions he reached because he has not been identified as an expert in any sense. Yet, Defendants would seek to establish the fact from Mr. Robinson's five-line memo announcing his closing of the matter, that the Defendants fully complied with all FAA regulations. Yet, there is no information to show the extent of the investigation or the review. In fact, the memo

1

2

refers to something that supposedly happened on April 10, 2008 in the vicinity of Star, North Carolina. Yet, we know that the crash occurred May 2, 2008 near Lancaster, South Carolina. While Rule 803 says that it is not necessary to bring in a witness to testify about official records and reports, that does not open the door to allowing statements which would not be admissible if the declarant were present.

Defendants rely upon the notes of the 1972 Advisory Committee. We, too, rely upon those same notes, calling the Court's particular attention to the two paragraphs in the middle of Page 7 of 12 of Defendants' Entry Number 54-5. Those two paragraphs from the Advisory Committee reflect the additional concern and consideration which is given to those reports referred to as "evaluative reports." This memo of Mr. Robinson offers nothing but a "final opinion." We also note that the Defendants have voiced a hearsay objection to Plaintiffs' proposed Exhibit 18 which is an accident report and evaluation made by the English equivalent of the FAA. We attach a copy of that Plaintiffs' Exhibit 18 to which Defendants have continued to object on the basis of hearsay.

The FAA memo is not in any way a guideline issued to instruct mechanics on how to maintain or repair aircraft. It would offer no guidance to the next person who was working on such an airplane. Instead, it is merely a conclusion offered after a post-crash review. In arguing on Page 6 of their Memorandum that Dwight Law should be able to rely upon this report, they simply state, "In evaluating Defendants' compliance with the applicable standard of care, Dwight Law evaluated Defendants' compliance with the Federal Aviation Regulations. This is the same evaluation that the FAA performed prior to the issuance of June 18, 2008 Report." Mr. Law should not be

2

allowed to build his credibility based on the unexplained statement of a person who has not even been qualified as an expert. Nor has Mr. Robinson explained any steps or studies he took before reaching any conclusions.

Defendants argue that since Mr. Law will be offering testimony as an "expert mechanic," he should be allowed to review and rely upon safety-related directives issued by the FAA to establish a standard of care. There are certainly in existence directives which relate to such matters, and there is even one which addresses in detail how to replace the bolt and gear in question. A mechanic might turn to such a directive for determining reasonable steps in any such repair, but the memo from Mr. Robinson of the FAA offers no such guidance or standard to help direct any mechanic and is, therefore, not the kind of material that a mechanic would look to for guidance in determining reasonable steps to be taken in repair.

## Hearsay Statement From Telephone Call to Lycon

It is interesting to note that in their response the Defendants do not contest Plaintiffs' account of the statement supposedly made by a Lycon representative to whom a general call to the switchboard was directed. The person began the conversation by disclaiming knowledge of the changes and explaining that Lycon did not keep records which might reflect specific information. The fact that Defendants refer to that person as a "Lycon official" does not change the fact that there is no information about who he was or what knowledge he might have had.

Defendants argue that the testimony is not hearsay because it is not offered for the truth of the matter asserted, i.e., that the horsepower of the engine was increased to the range of 375 to 390 horsepower. Yet, at Page 9 of their Memorandum, Defendants

3

acknowledge that both Mr. Law and Dr. Manning do, in fact, use that for the truth of the matter asserted. Each plans to use that specific horsepower data to support his opinions. The Defendants thus offer the testimony for the proof of the matter which is the subject of our objection.

It is, therefore, respectfully requested that the Court grant the Plaintiffs' Motion in *Limine* respecting the FAA Memorandum and the information received in the telephone call to an unknown Lycon person.

March 22, 2010

s/ W. Duvall Spruill
W. Duvall Spruill, 4269
DSpruill@TurnerPadget.com
Curtis L. Ott, 5939
COtt@TurnerPadget.com
Turner Padget Graham & Laney P.A.
P.O. Box 1473
Columbia, South Carolina 29202
Telephone: (803) 254-2200

**ATTORNEYS FOR BOBBIE M. SEDBERRY AND JOHN C. SEDBERRY**

4