IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

|  |  |  |
|---|---|---|
| Bobbie M. Sedberry and John C. Sedberry, ) |  |  |
| ) |  |  |
| Plaintiffs,   ) | CIVIL ACTION FILE |  |
| ) | NO. 0:09-CV-0053-CMC |  |
| v.           ) |  |  |
| ) | **DEFENDANTS' REPLY TO PLAINTIFFS'** |  |
| DonB Aircraft International, Inc. and   ) | **BRIEF IN OPPOSITION TO DEFENDANTS'** |  |
| Donald R. Bennett,                      ) | **MOTION *IN LIMINE* TO EXCLUDE EXPERT** |  |
| ) | **TESTIMONY FROM MICHAEL STEVENSON** |  |
| Defendants.   ) | **REGARDING OPINIONS OF RICK MOFFITT** |  |
| ) |  |  |

Defendants DonB Aircraft International, Inc. ("DonB") and Donald R. Bennett ("Bennett") (collectively referenced as "Defendants"), submit the following brief in Reply to Plaintiffs' Brief in Opposition to Defendants' Motion in Limine to Exclude Expert Testimony from Michael Stevenson regarding the opinions of Rick Moffitt.

Defendants object to Stevenson testifying regarding conversations with Rick Moffitt, because those conversations constitute inadmissible hearsay, as defined by Fed. R. Evid.. 801 and Fed. R. Evid. 802.  (See Docket Entry 50-1.)

Because Stevenson's testimony regarding his conversations with Moffitt constitutes hearsay, Plaintiffs rely on Fed. R. Evid. 703 to render the evidence admissible.  Contrary to Plaintiffs' arguments, the Moffitt conversations are not admissible under Fed. R. Evid. 703, because: (1) they are not of the type reasonably relied upon by metallurgists; and (2) there is no manner through which the parties can test the reliability of the Moffitt statements.

To introduce otherwise inadmissible evidence through Fed. R. Civ. P. 703, a party must demonstrate: (1) that the evidence is of a type reasonably relied upon by an expert in the field; and (2) that the probative value is not outweighed by the prejudicial impact.  *See* Fed. R. Evid.

703. Plaintiffs have not presented any evidence, through affidavit or otherwise, to indicate that a 15-minute anecdotal conversation with a former employee of a company is the type of information that is reasonably relied upon by metallurgists.  Plaintiffs have further offered no evidence to demonstrate that the opinions offered by Rick Moffitt are tested or reliable, and they have presented no information regarding Moffitt's qualifications to offer opinions in this case.  Accordingly, if Plaintiffs offered Moffitt's testimony directly (at least in the form that Stevenson presents it), Moffitt's testimony would not be admissible under Fed. R. Evid. 702 or *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993).

Stevenson has failed to provide evidence to demonstrate that Moffitt's opinions are tested or valid, and he likely could not have received information regarding the testing and validity of Moffitt's opinions through the course of the one fifteen minute telephone conversation with Moffitt that forms the basis for Stevenson's testimony.

Defendants object to the admission of any testimony by Stevenson regarding conversations with Rick Moffitt, regardless of the topic of those conversations.  The objection to all of Stevenson's testimony regarding conversations with Moffitt is the same – the opinions constitute hearsay, there is no factual basis to demonstrate that the testimony is reliable, and Stevenson performed no research or testing to confirm the validity of Moffitt's opinions or research.  Provided that Stevenson's testimony is properly admissible under Fed. R. Evid. 702, Stevenson is free to testify regarding the testing and research he did to support his conclusion that horsepower does not dictate bolt size and that the dowel does not react torque; however, Stevenson cannot testify regarding the hearsay opinions of third-parties to support his conclusions.[1]

---

[1]  Defendants do not concede that Stevenson's opinions regarding engine failure are admissible under Fed. R. Evid. 702.  Defendants will object to the admission of Stevenson's testimony at trial.

2

Fed. R. Evid. 703 only allows the admission of evidence of a type reasonably relied upon by experts in the field. It strains credulity to believe that an engineer would rely on the opinion of a person he does not know, provided in a fifteen minute telephone conversation, to reach critical conclusions regarding the operating conditions of an aircraft engine. Certainly, such opinions do not satisfy the scientific method as a test of a hypothesis. Plaintiffs have not provided any testimony or caselaw to support the proposition that Moffitt's comments constitute information reasonably relied on by metallurgists in rendering opinions. Stevenson himself testified that he only spoke to Moffitt to verify conclusions Stevenson had already reached. (See Stevenson Deposition, pp. 132-133) (describing his conversation with Moffitt as "belt and suspenders").

Plaintiffs have had the opportunity to retain and identify expert witnesses in this case, and they chose not to retain or identify Rick Moffitt as an expert for purposes of trial. Plaintiffs did not identify Rick Moffitt as an expert witness under the Court's Scheduling Order. Plaintiffs did not even identify Rick Moffitt as a fact witness at any stage of discovery in this case. Defendants first heard the name Rick Moffitt at Michael Stevenson's October 2, 2009, deposition, which occurred five days before the discovery deadline in this case. Plaintiffs now attempt to introduce Moffitt's opinions through the backdoor approach of Fed. R. Evid. 703; however, Moffitt's testimony is not admissible under Fed. R. Evid. 703. "Rule 703 is 'not intended to abolish the hearsay rule and to allow an expert witness, under the guise of giving expert testimony, [to] in effect become the mouthpiece of witnesses on whose statements or opinions the expert purports to base his opinion.'" *Avondale Mills, Inc. v. Norfolk S. Corp.*, 2008 WL 6953956, p. 3 (D.S.C. 2008), *quoting Loeffel Steel Prods., Inc. v. Delta Brands, Inc.*, 387 F. Supp. 2d 794, 808 (N.D. Ill. 2005) (a copy of the unpublished *Avondale* opinion is provided herewith). "Rule 703 provides a presumption against disclosure to the jury used as the basis of

3

an expert's opinion and not admissible for any substantive purpose, when that information is offered by the proponent." *Avondale*, 2008 WL at p. 3, *citing* 29 C.A. Wright and V.J. Gold, Federal Practice and Procedure: Evidence §6273 (Supp. 2007) (Wright and Gold's Annotation is attached hereto). Allowing Stevenson to testify regarding his conversations with Moffitt would deprive Defendants of the opportunity to cross-examine Moffitt regarding his qualifications, his experience, and his involvement in the design of the crankshaft-gear assembly that is at issue in this case. Further, Defendants would not be afforded an opportunity to evaluate the testing or research that Moffitt performed to support his statements. As they stand, Moffitt's opinions are not only inadmissible as hearsay, but they are also inadmissible because Plaintiffs have failed to lay the proper foundation for admission of Moffitt's opinions under Fed. R. Evid. 702. Accordingly, Michael Stevenson should not be allowed to testify regarding his conversation with Rick Moffitt.

## CONCLUSION

The proffered testimony of Michael Stevenson regarding his communications with Rick Moffitt, should be excluded pursuant to Rules 702, 703, 801, and 802. Moffitt's opinions clearly constitute hearsay and Plaintiffs have not met their burden of demonstrating that Moffitt's opinions are properly-tested or sufficiently reliable.

Respectfully Submitted,

March 22, 2010         By: */s/ C. Daniel Atkinson*
                           Michael B.T. Wilkes, Fed. ID # 4658
                           mwilkes@wilkesbowers.com
                           Melissa M. Nichols, Fed. ID 10040
                           mnichols@wilkesbowers.com
                           C. Daniel Atkinson, Fed. ID # 9626
                           datkinson@wilkesbowers.com

                           WILKES BOWERS, P.A.
                           127 Dunbar Street, Suite 200
                           Spartanburg, South Carolina 29306
                           Telephone: 864-591-2355

Facsimile: 864-591-1767

Attorneys for Defendants

5